UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA ALLEN LEE MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00151-SRC |
| | ) |
| KENNETH RYAN DICUS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Joshua Allen Lee Morris, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement, but the Court will not direct him to obtain and submit one at this time. Instead, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pretrial detainee at the Pemiscot County Justice Center. He filed the complaint pursuant to 42 U.S.C. § 1983 against Assistant Prosecuting Attorney Kenneth Dicus, and Prosecuting Attorney Nicolas Jain. He seeks damages from the defendants for wrongfully prosecuting him in unidentified State court criminal proceedings.[1]

Plaintiff alleges that "[e]ach defendant chose to pursue charges after my innocen[ce] [was] proven." (ECF No. 1 at 3). He claims that in July of 2021, after a judge agreed to dismiss charges, Jain stated he would re-file charges before plaintiff could be released from custody. Plaintiff also alleges that Jain has opposed bond, and has "badgered" and "bribed" a witness by

---

[1] Review of Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff is presently facing charges of felony domestic assault in two pending State court actions: *State v. Joshua A. Morris,* No. 21PE-CR00806 (34th Jud. Cir. 2021), and *State v. Joshua A. Morris,* No. 21PE-CR00814 (34th Jud. Cir. 2021). Court records list Nicholas Jain as the prosecuting attorney in those actions.

repeatedly asking her a question, and offering her a lighter sentence if she testifies in plaintiff's case and goes to a treatment program. *Id.* at 3, 10-11. Plaintiff claims the defendants are liable to him because his name was "demoralized" and he lost his company, marriage, personal property, and custody of his daughter. *Id.* at 3. He claims Jain is unethical and unprofessional, will likely handle his case in a biased and prejudiced manner, and "would tr[y] me under a prejudi[c]e act knowing we've filed a complaint and civil suit against him." *Id.* at 10.

Plaintiff seeks $100,000 in damages, and writes: "I've been proven innocent & still the accused pursues conviction. I've lost 2 company vehicles 1 personal vehicle, contracts, plus pain & suffering for my children." *Id.* at 5. Plaintiff also avers he is "requesting a change of venue to Pemiscot Co. We're also requesting a change of prosecutor. We're asking that Nicolas Jain be removed from my case due to a complaint being filed towards him." *Id.* at 10.

## Discussion

Prosecutors are absolutely immune from a civil suit for damages under § 1983 for claims arising from the exercise of their duties as advocates for the State, including the initiation and pursuit of a criminal prosecution and presentation of the state's case at trial. *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). "Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (internal quotation omitted). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Additionally, in *Imbler,* the Supreme Court noted that a prosecutor was entitled to absolute immunity for his out-of-court

4

"effort to control the presentation of [a] witness' testimony" because doing so was "fairly within his function as an advocate." 424 U.S. at 430, n. 32.

Here, Dicus and Jain's allegedly unconstitutional conduct falls within the scope of their function as advocates for the State. Plaintiff claims he is innocent, yet the defendants have continued to pursue criminal prosecution and have said they would re-initiate criminal prosecution of him even if pending charges were dismissed. Plaintiff also claims that Jain opposed bond, repeatedly asked the same question of a witness, and took action to control the presentation of a witness's testimony. All this conduct involves prosecutorial functions that are intimately associated with the judicial phase of the criminal process, and fall within the scope of advocacy on behalf of the State. The defendants are therefore absolutely immune from suit. Plaintiff's allegations that Jain and/or Dicus have acted with improper motivation or have affected his personal life do not save his claims. *See Imbler*, 424 U.S. at 427-28 (stating that there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (holding that even if a prosecutor knowingly presents false, misleading or perjured testimony, or withholds or suppresses exculpatory evidence, he is absolutely immune from suit).

After carefully reading and liberally construing the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). This is not a situation in which the deficiencies of the complaint could be overcome by amendment, as it is clear that the defendants are absolutely immune from the claims plaintiff wishes to bring. The Court will therefore dismiss the complaint at this time, without prejudice, and will deny as moot plaintiff's motion seeking the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of December, 2021.

　　　　　　　　　　　　　　　　　　_SL R. Cl_
　　　　　　　　　　　　　　　　　　**STEPHEN R. CLARK**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**